# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DAILYFARM EQUIPMENT CO., LIMITED., <br><br> Plaintiff, <br><br> v. <br><br> ERIK DIEDRICHSEN, <br><br> Defendant | **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY** <br><br> Case No. 26-cv-08546 <br><br> **[Demand for Jury Trial]** |

1

Plaintiff Dailyfarm Equipment Co., Limited ("Plaintiff" or "ZenxyHoC") brings this Complaint for Declaratory Judgment against Defendant Erik Diedrichsen ("Diedrichsen" or "Defendant") and alleges as follows:

## THE PARTIES

1. Plaintiff Dailyfarm Equipment Co., Limited is a limited liability company organized and existing under the laws of Hong Kong, with a place of business located at Rm 77 4/F Hengsang Industrial Building 185-187 Wai Yip Street, Kwun Tong Kowloon, Hong Kong, 999077.

2. Upon information and belief, Defendant Erik Diedrichsen is an individual residing in West Bridgewater, Masschusetts.

## NATURE OF THE ACTION

3. Plaintiff seeks declaratory judgments of invalidity and non-infringement of U.S. Patent No. 12,642,252 (the "'252 Patent") arising under the patent laws of the United States and 28 U.S.C. §§ 2201-2202 of the Declaratory Judgment Act. A true and correct copy of the '252 Patent is attached as Exhibit A.

4. This relief is necessary because Defendant has asserted ownership of the '252 Patent and accused Plaintiff of infringing the '252 Patent by selling chicken feeder port products on Amazon under the following Amazon Standard Identification Number ("ASIN"): B0DMR88XMX (the "Accused Product"). Specifically, Defendant has invoked Amazon's Patent Evaluation Express procedure (the "APEX Procedure") in order to delist Plaintiff's chicken feeder port products from Amazon.

5. Plaintiff denies that the Accused Product infringes any valid and enforceable claim of the '252 Patent. Plaintiff further contends that the claims of the '252 Patent are invalid. An actual controversy exists between Plaintiff and Defendant.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because this action arises under the laws of the United States, and in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq.*, and seeks relief under the Federal Declaratory Judgment Act.

7.      This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of enforcing patent rights in the State of Illinois including enforcing at least one member of the Diedrichsen Poultry Feeder Patent Family in the U. S. District Court for the Northern District of Illinois. *Erick Diedrichsen and Riverbend Resources Inc. v. the Entities identified on Schedule "A", Case No. 25-cv-10403 (N. D. Il, filed on August 29, 2025) (Wood J.).*

8.      Venue properly exists in this Judicial District as Defendant is currently enforcing at least one member of the Diedrichsen Poultry Feeder Patent Family in this District.

9.      As described in more detail below, an immediate, real, and justiciable controversy exists between Defendant and Plaintiff as to whether the Accused Product sold by Plaintiff infringes the '252 Patent, and whether any claim of the '252 Patent is valid.  Because this action presents an actual controversy with respect to the non-infringement and invalidity of the '252 Patent, the Court may grant the declaratory relief sought under 28 U.S.C. §§ 2201-2202.

## FACTUAL BACKGROUND

10.      The Amazon APEX Procedure is an extra-judicial process administered by Amazon with the stated goal to efficiently resolve patent owner's infringement claims lodged against third party Amazon sellers. The APEX Procedure does not allow for discovery, trial, or a hearing. The APEX Procedure permits only two

defenses other than non-infringement. The first defense is a pre-existing finding of patent invalidity or unenforceability by a Federal Court or governmental agency. The second is a showing that the Accused Product was on sale for more than one year before the asserted patent's earliest effective filing date. Such showing must be proven with "independently verifiable objective evidence."

11. Defendant Diedrichsen invoked the Amazon APEX Procedure with respect to the '252 Patent. Specifically, Mr. Diedrichsen executed an Amazon Patent Express Evaluation Agreement on June 26, 2026 (the "APEX Agreement"). A true and correct copy of the APEX Agreement Mr. Diedrichsen executed is attached hereto as Exhibit B. Mr. Diedrichsen asserts in the APEX Agreement that he is the owner of the '252 Patent. He asserts that the Accused Product along with several other products (having different ASIN numbers and sold by other sellers) infringe Claim 1 of the '252 Patent. Defendant later submitted the executed APEX Agreement to Amazon. The submission invokes Amazon's APEX procedure for resolving the patent dispute regarding the '252 patent.

12. Mr. Diedrichsen is the alleged inventor of several design and utility patents that all originate from U.S. Design patent application No. 29/735,857. (collectively the "Diedrichsen Poultry Feeder Patent Family.") Members of the Diedrichsen Poultry Feeder Patent Family are directed to the common subject matter of poultry feeder ports. The design patents in the family include U.S. Design Pat. Nos. D1,014,867, D1,021,277, and D1,064,430. The utility patents in the family include U.S. Pat. Nos. 12,419,280, and 12,642,252.

13. The '252 patent, which is the subject of the APEX Agreement, matured from the U.S. Patent Application No. 19/306,643 that was file on August 21, 2025. The USPTO granted the application and issued the '252 patent on June 2, 2026. The title of the patent is "Feeder Port."

14. The 19/306,643 Application that matured into the '252 Patent is a continuation-in-part of U.S. Patent Application No. 19/189,221, which is a continuation-in-part of U.S. Patent Application No. 19/081,558. The 19/189,221 Application was filed on April 24, 2025. The 19/081,558 Application was filed on March 17, 2025. The 19/081,558 Application matured into U.S. Pat. No. 12,419,280.

15. The 19/081,558 Application is a continuation-in-part of U.S. Design patent application No. 29/966,335, which is a continuation of U.S. Design patent application No. 29/965,977, which is a continuation of U.S. Design patent application No. 29/966,004, which is a continuation of U.S. Design patent application No. 29/965,998, which is a continuation of U.S. Design patent application No. 29/946,487 (now Pat. No. D1,064,430), which is a continuation of U.S. Design patent application No. 29/913,827 (now Pat. No. D1,031,181), which is a continuation of U.S. Design patent application No. 29/913,818 ((now Pat. No. D1,021,277), which is a continuation of U.S. Design patent application No. 29/735,857 (now Pat. No. D1,014,867).

16. Riverbend Resources Inc. is a Masschusetts company. Mr. Diedrichsen is the sole owner and president of Riverbend Resources Inc. Mr. Diedrichsen has assigned some of the Diedrichsen Utility Patents and Diedrichsen Design Patents to Riverbend Resources Inc.

17. Plaintiff Dailyfarm Equipment Co., Limited is a registered seller on Amazon.com. Plaintiff sells the Accused Product on Amazon under the storefront known as the ZenxyHoC store.

18. The Accused ASIN B0DMR88XMX Product has a listing title "No Waste Chicken Feeders, DIY Automatic Poultry Feeder - 4 Ports Orange | Buckets Barrels Bins Troughs-mountable Design for common Breeds of Chicken Flock with Hole Saw." A printout of the Amazon listing page is attached hereto as Exhibit C.

19. On or about June 30, 2026 (Beijing time), Plaintiff received a notice from Amazon (the "APEX Notice"), informing Plaintiff that Defendant has submitted a report to Amazon alleging the ASIN B0DMR88XMX product is infringing the '252 Patent. The APEX Notice attaches the APEX Agreement executed by Defendant Diedrichsen. The notice warned Plaintiff that Amazon will delist the accused listing at the end of a twenty-one (21) day period, unless, within the period, that (i) the Amazon seller settles with the patent owner and the patent owner retracts the complaint; (ii) the Amazon seller participates in the APEX Procedure and submits itself to the dispute resolution procedure prescribed thereto; or (iii) the Amazon seller files a declaratory judgment action in the Federal Court and notifies Amazon of the filing. A true and correct copy of the APEX Notice is attached hereto as Exhibit D.

20. The Accused Product does not infringe any valid and/or enforceable claims of the '252 Patent.

21. The Accused Product does not infringe on the '252 Patent because the Accused Product does not, at a minimum, meet the claim limitation reciting "an entry portion at the first base of the tubular body with the outwardly flared lip."

22. The '252 Patent is invalid because the claims that Defendant has asserted or intends to assert are anticipated or rendered obvious by products that were sold well before the effective filing date of the '212 Patent. Specifically, products having the same or similar configuration as the Accused Products were offered for sale under the ZenxyHoC store front as early as year 2022. These products are comprised of ASIN Nos. B0BD7MM24R, B0BH2QQT9K, B09ZY9D5M6, and B0BLXWNSVM.

23. The '252 Patent is invalid because the claims that Defendant has asserted or intends to assert are either anticipated or rendered obvious by at least the

following prior art: U.S. Design Pat. No. D988,614 (the "D614 Patent"). A true and correct copy of the D614 Patent is attached as Exhibit E.

24. The D614 Patent is issued on June 6, 2023. The reference constitutes prior art with respect to the '252 Patent under 35 U.S.C. § 102(a).

25. A case or controversy exists as to whether any of the claims of the '252 Patent are valid and whether any valid and enforceable claim of the '252 Patent is infringed by the Accused Product.

## COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

26. The allegations of paragraphs 1 through 25 are incorporated herein by reference with the same force and effect as if set forth in full below.

27. Upon information and belief, Defendant is the owner of the '252 Patent. Defendant asserts that at least claim 1 of the '252 Patent is infringed by the Accused Product.

28. The Accused Product does not infringe on at least claim 1 of the '252 Patent because the Accused Product does not, at a minimum, meet the limitation reciting "an entry portion at the first base of the tubular body with the outwardly flared lip."

29. An actual, substantial, continuing, and justiciable case or controversy exists regarding at least whether claim 1 of the '252 Patent is infringed by the Accused Product.

30. Declaratory relief is appropriate and necessary to establish that the sale or offer to sale of the Accused Product does not infringe any valid and enforceable claims of the '252 Patent and to avoid irreparable injury and damage to Plaintiff.

31. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment that the Accused Product do not infringe at least claim 1 of the '252 Patent.

## COUNT II - DECLARATORY JUDGMENT OF INVALIDITY

32. The allegations of paragraphs 1 through 25 are incorporated herein by reference with the same force and effect as if set forth in full below.

33. Defendant has asserted that at least claim 1 of the '252 Patent is infringed by the Accused Product.

34. Claim 1 of the '252 Patent are invalid for failure to comply with the requirements for patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, and 103 on multiple grounds.

35. Claim 1 of the '252 Patent is invalid as anticipated under 35 U.S.C. § 102 by, *inter alia*, products having ASIN Nos. B0BD7MM24R, B0BH2QQT9K, B09ZY9D5M6, and B0BLXWNSVM. These ASIN Products were offered for sale on Amazon as early as 2022. These ASIN products have the same or similar configurations as the Accused Products. Because the Accused Product is alleged to infringe the '252 Patent, the earlier ASIN products having the same or similar configurations would anticipate or render obvious the '202 Patent. "That Which Infringes, If Later, Would Anticipate, If Earlier." *Upsher-Smith Labs. v. Pamlab, L.L.C.* 412 F.3d 1319, 1322-1323 (Fed. Cir. 2005).

36. Claim 1 of the '252 Patent is invalid as anticipated under 35 U.S.C. § 102 by, *inter alia*, the D614 Patent. The D614 Patent is issued on June 6, 2023. The reference constitutes prior art with respect to the '252 Patent under 35 U.S.C. § 102(a).

37. The D614 Patent discloses each and every limitation of claim 1 of the '252 Patent. For example, the design figures in the reference disclose a "tubular body" having "an internal cavity" having "a first base" and "a second base." The design figures disclose "an entry portion at the first base of the tubular body with an outwardly flared lip that provides access into the internal cavity of the tubular body."

8

The design figures disclose "an exit portion that is perpendicular to the second base configured to provide a downward facing exit out of the internal cavity of the tubular body." The design figures further disclose "a collar that protrudes around the tubular body between the entry portion and the exit portion," and "external threading on the tubular body between the collar and the entry portion" that "is configured to receive a bushing."

38. An actual case or controversy exists regarding at least whether claim 1 of the '252 Patent that Defendant has asserted against Plaintiff is valid.

39. Declaratory relief is appropriate and necessary to establish that at least claim 1 of the '252 Patent is invalid and to avoid irreparable injury and damage to Plaintiff.

40. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment that certain claims of the '252 Patent are invalid.

## RESERVATION OF RIGHTS

41. Plaintiff hereby reserves the right to amend the Complaint with additional claims or defenses as the scope of its dispute with Defendant evolves, and/or as discovery proceeds in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

A. Declare that certain claims of the '252 Patent are invalid;

B. Declare that the Accused Product does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '252 Patent;

C. Declare Plaintiff as the prevailing party and this case as exceptional and award Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

D. Award recoverable costs as allowed by law; and

E. Such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

42. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

DATED: July 19, 2026      Respectfully submitted,

            By: */s/ Hua Chen*

            Hua Chen
            ScienBiziP, P.C.
            550 S. Hope Street, Suite 2825
            Los Angeles, California 90071
            Telephone: (213) 426-1771
            huachen@scienbizippc.com

            Daniel I. Konieczny
            TABET DIVITO & ROTHSTEIN LLC.
            209 South LaSalle, Suite 700
            Chicago, Illinois 60604
            Telephone: (312) 762-9450
            dkonieczny@tdrlaw.com